AT T Broadband
13355 Noel Rd #21, PO Box 802068
Dallas, TX 75380


Credit Systems Intl In
1277 Country Club Ln
Ft. Worth, TX 76112


Equity One
121 Woodcrest Road
Cherry Hill, NJ 08003


Harvard Collection
4839 N Elton
Chicago, IL 60630


Peoples Engy
130 E Randolph Drive
Chicago, IL 60601


Trust Rec SV
541 Otis Bowen Dri
Munster, IN 46321

## UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

In Re:                                                    Bankruptcy Case Number: _____

**Roberto Martinez**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Dated:   **7/10/2007**                              **s/ Roberto Martinez** _____

**Roberto Martinez**

Debtor

Official Form 1 (10/06)

| United States Bankruptcy Court<br>Northern District of Illinois<br>Eastern Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Martinez, Roberto** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one,<br>state all):<br>**7125** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one,<br>state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**3051 N. Gresham**<br>**Chicago, IL**<br>ZIP CODE    **60618** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

---

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities,
  check this box and state type of entity below.)
  _____

**Nature of Business**
(Check **one** box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11
  U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for
  Recognition of a Foreign
  Main Proceeding
- ☐ Chapter 15 Petition for
  Recognition of a Foreign
  Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ☑ Debts are primarily consumer
  debts, defined in 11 U.S.C.
  § 101(8) as "incurred by an
  individual primarily for a
  personal, family, or house-
  hold purpose."
- ☐ Debts are primarily
  business debts.

---

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached

- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach
  signed application for the court's consideration certifying that the debtor is
  unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.

- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must
  attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
  insiders or affiliates) are less than $2 million.

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes
  of creditors, in accordance with 11 U.S.C. § 1126(b).

---

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative
  expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to<br>$10,000 | ☐ $10,000 to<br>$100,000 | ☑ $100,000 to<br>$1 million | ☐ $1 million to<br>$100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,000 to<br>$100,000 | ☑ $100,000 to<br>$1 million | ☐ $1 million to<br>$100 million | ☐ More than $100 million |
|---|---|---|---|---|

Official Form 1 (10/06)                                                                                                          **FORM B1,** Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Roberto Martinez** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:      **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____  **7/10/2007**<br>Signature of Attorney for Debtor(s)         Date<br>**Jonathan G. Anderson**          **03128613** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☑   No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.<br><br>☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

Official Form 1 (10/06)                                                                                         **FORM B1,** Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Roberto Martinez** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **s/ Roberto Martinez**
    Signature of Debtor       **Roberto Martinez**

X  **Not Applicable**
    Signature of Joint Debtor

    Telephone Number (If not represented by attorney)

    **7/10/2007**
    Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X  **Not Applicable**
    (Signature of Foreign Representative)

    (Printed Name of Foreign Representative)

    Date

---

### Signature of Attorney

X
    Signature of Attorney for Debtor(s)

    **Jonathan G. Anderson,  03128613**
    Printed Name of Attorney for Debtor(s) / Bar No.

    **Anderson & Associates, P.C.**
    Firm Name

    **1701 E. Woodfield Road, Suite 1050  Schaumburg, IL  60173**
    Address

    **(847) 995-9999**                    **(847) 995-0117**
    Telephone Number

    **7/10/2007**
    Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
    Signature of Authorized Individual

    Printed Name of Authorized Individual

    Title of Authorized Individual

    Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition prepares, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.)

Address

X  **Not Applicable**

    Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer 's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

FORM B6A
(10/05)

In re:  **Roberto Martinez**                                                                     .                    Case No. _____
                                    Debtor                                                                                                            **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **3051 N. Gresham**<br>**Chicago, IL 60618** | | | **$ 480,000.00** | **$ 439,111.00** |
| | **Total** ➢ | | **$ 480,000.00** | |

(Report also on Summary of Schedules.)

FormB6B
(10/05)

In re   **Roberto Martinez**                                          ,          Case No. _____

_____Debtor_____                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **cash** | | **200.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **LaSalle** | | **1,000.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **miscellaneous** | | **1,000.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | | | **500.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | X | | | |

Form B6B-Cont.
(10/05)

In re   **Roberto Martinez**
_____,          Case No. _____
                    **Debtor**                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| | | | | |

Form B6B-Cont.
(10/05)

In re    **Roberto Martinez**                                      ,        Case No. _____
                          Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

__2__   continuation sheets attached                     Total    ＞    **$  2,700.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Form B6C
(10/05)

**In re**   **Roberto Martinez**                                          ,        **Case No.** _____
                          Debtor                                                                (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                       $125,000.
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **NONE** | | | |

**Official Form 6D (10/06)**

In re **Roberto Martinez**_____,    Case No. _____

Debtor    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.                                       |  |  |  |  |  |  | **44,697.72** | **0.00** |
| **Equity One** **121 Woodcrest Road** **Cherry Hill, NJ 08003** |  |  | arrearage 3051 N Gresham Chicago, IL 60618 _____ **VALUE $0.00** |  |  |  |  |  |
| ACCOUNT NO.                                       |  |  |  |  |  |  | **439,110.68** | **0.00** |
| **Equity One** **121 Woodcrest Road** **Cherry Hill, NJ 08003** |  |  | 3051 N. Gresham Chicago, IL 60618 _____ **VALUE $480,000.00** |  |  |  |  |  |

0    continuation sheets attached

Subtotal ➢
(Total of this page)

Total ➢
(Use only on last page)

| $ | 483,808.40 | $ | 0.00 |
|---|---|---|---|
| $ | 483,808.40 | $ | 0.00 |

(Report also on Summary of Schedules)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**Official Form 6E (10/06)**

In re __Roberto Martinez_____   Case No. _____
                              Debtor                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

❑  **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑  **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑  **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑  **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**Official Form 6E (10/06) - Cont.**

In re  **Roberto Martinez**                                                      .          Case No. _____
                                    Debtor                                                                    (If known)

❑  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑  **Deposits by individuals**

   Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑  **Claims for Death or Personal Injury  While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


   * Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>2</u>  **continuation sheets attached**

**Official Form 6E (10/06) - Cont.**

In re  **Roberto Martinez** _____     Case No. _____

_____
Debtor                                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | |

Sheet no. 2 of 2 continuation sheets attached to Schedule of
Creditors Holding Priority Claims

| | Amount of Claim | Amount Entitled to Priority | Amount Not Entitled |
|---|---|---|---|
| Subtotals➤ (Totals of this page) | $ 0.00 | $ 0.00 | $ 0.00 |
| Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 0.00 | | |
| Total ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ 0.00 | $ 0.00 |

Official Form 6F (10/06)

In re   **Roberto Martinez**                                                    Case No. _____
                                    Debtor                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **671979014**<br><br>**AT T Broadband**<br>**13355 Noel Rd #21, PO Box 802068**<br>**Dallas, TX 75380** | | | 06/01/2002 | | | | 218.00 |
| ACCOUNT NO.  **51547518**<br><br>**Credit Systems Intl In**<br>**1277 Country Club Ln**<br>**Ft. Worth, TX 76112** | | | 08/01/2006 | | | | 180.00 |
| ACCOUNT NO.  **3689970**<br><br>**Harvard Collection**<br>**4839 N Elton**<br>**Chicago, IL 60630** | | | 04/01/2001 | | | | 100.00 |
| ACCOUNT NO.  **5000042289520**<br><br>**Peoples Engy**<br>**130 E Randolph Drive**<br>**Chicago, IL 60601** | | | 08/01/2006 | | | | 2,365.00 |
| ACCOUNT NO.  **1021384992**<br><br>**Trust Rec SV**<br>**541 Otis Bowen Dri**<br>**Munster, IN 46321** | | | 05/01/2002 | | | | 348.00 |

_0_   Continuation sheets attached

Subtotal ➤  $  **3,211.00**

Total ➤  $  **3,211.00**

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Jonathan G. Anderson 03128613
Anderson & Associates, P.C.
1701 E. Woodfield Road, Suite 1050
Schaumburg, IL 60173

(847) 995-9999
Attorney for the Petitioner(s)

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois

Eastern Division

In Re:
Debtor: **Roberto Martinez**
Social Security Number: **7125**

Case No:

Chapter **13**

Numbered Listing of Creditors

| | Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|---|
| 1. | **AT T Broadband**<br>**13355 Noel Rd #21, PO Box 802068**<br>**Dallas, TX 75380** | **Unsecured Claims** | **$ 218.00** |
| 2. | **Credit Systems Intl In**<br>**1277 Country Club Ln**<br>**Ft. Worth, TX 76112** | **Unsecured Claims** | **$ 180.00** |
| 3. | **Equity One**<br>**121 Woodcrest Road**<br>**Cherry Hill, NJ 08003** | **Secured Claims** | **$ 44,697.72** |
| 4. | **Equity One**<br>**121 Woodcrest Road**<br>**Cherry Hill, NJ 08003** | **Secured Claims** | **$ 439,110.68** |
| 5. | **Harvard Collection**<br>**4839 N Elton**<br>**Chicago, IL 60630** | **Unsecured Claims** | **$ 100.00** |

In re:   **Roberto Martinez**                                    Case No. _____

| | | | |
|---|---|---|---|
| **6.** | **Peoples Engy**<br>**130 E Randolph Drive**<br>**Chicago, IL 60601** | **Unsecured Claims** | **$ 2,365.00** |
| **7.** | **Trust Rec SV**<br>**541 Otis Bowen Dri**<br>**Munster, IN 46321** | **Unsecured Claims** | **$   348.00** |

In re:   **Roberto Martinez**                                                    Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)

# DECLARATION

 I, **Roberto Martinez** , named as debtor in this case, declare under penalty of perjury that I have
have read the foregoing Numbered Listing of Creditors, consisting of **2 sheets** (not including this declaration), and that it is true to
the best of my information and belief.

Signature:   **s/ Roberto Martinez** _____

                  **Roberto Martinez**

Dated:   <u>**7/10/2007**</u>

Form B6G
(10/05)

In re: __Roberto Martinez_____,    Case No. _____
                            **Debtor**                                              **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H
(10/05)

**In re:** **Roberto Martinez** _____.          **Case No.** _____
                          **Debtor**                                                              **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**Official Form 6I (10/06)**

In re **Roberto Martinez** _____     Case No. _____
_____
                      Debtor                                                    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: **single** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Machine Operator** | |
| Name of Employer | **Illinois Tool Works Inc** | |
| How long employed | **3.5 years** | |
| Address of Employer | **3600 W. Lake Avenue Glenview, IL 60025** | |

Income: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | **2,203.44** | $ |
| 2. Estimate monthly overtime | $ | **0.00** | $ |
| 3. SUBTOTAL | $ | **2,203.44** | $ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ | **399.92** | $ |
| b. Insurance | $ | **70.00** | $ |
| c. Union dues | $ | **0.00** | $ |
| d. Other (Specify) _____ | $ | **0.00** | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **469.92** | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **1,733.52** | $ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ |
| 8. Income from real property | $ | **3,600.00** | $ |
| 9. Interest and dividends | $ | **0.00** | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | **0.00** | $ |
| 11. Social security or other government assistance (Specify) _____ | $ | **0.00** | $ |
| 12. Pension or retirement income | $ | **0.00** | $ |
| 13. Other monthly income (Specify) _____ | $ | **0.00** | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **3,600.00** | $ |
| 15. AVERAGE MONTHLY INCOME (add amounts shown on lines 6 and 14) | $ | **5,333.52** | $ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | **$ 5,333.52** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE** _____

_____

**Official Form 6J (10/06)**

In re **Roberto Martinez** _____,   Case No. _____
                                   Debtor                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,700.00 |
| a. Are real estate taxes included?    Yes ✓    No | | |
| b. Is property insurance included?    Yes ___    No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 250.00 |
| b. Water and sewer | $ | 100.00 |
| c. Telephone | $ | 90.00 |
| d. Other **Cable** | $ | 75.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 250.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 25.00 |
| 8. Transportation (not including car payments) | $ | 450.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 60.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 70.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 200.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,440.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 5,333.52 |
| b. Average monthly expenses from Line 18 above | $ | 4,440.00 |
| c. Monthly net income (a. minus b.) | $ | 893.52 |

**Official Form 6 - Statistical Summary (10/06)**

# United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

In re  **Roberto Martinez**                                    Case No. _____

_____,
Debtor

Chapter  **13**  _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

❑   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations  (from Schedule F) | $0.00 |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $0.00 |
| Average Expenses (from Schedule J, Line 18) | $0.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $0.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $0.00 |

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**
**Eastern Division**

In re:    **Roberto Martinez**                                                    Case No. _____

                                                                                  Chapter    **13**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

   1.  Gross Income For 12 Months Prior to Filing:                      $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

   2.  Gross Monthly Income:                                                        $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

   3.  Net Employee Payroll (Other Than Debtor)          $ _____ **0.00**
   4.  Payroll Taxes                                                   _____ **0.00**
   5.  Unemployment Taxes                                         _____ **0.00**
   6.  Worker's Compensation                                     _____ **0.00**
   7.  Other Taxes                                                     _____ **0.00**
   8.  Inventory Purchases (Including raw  materials)       _____ **0.00**
   9.  Purchase of Feed/Fertilizer/Seed/Spray                _____ **0.00**
  10.  Rent (Other than debtor's principal residence)       _____ **0.00**
  11.  Utilities                                                          _____ **0.00**
  12.  Office Expenses and Supplies                            _____ **0.00**
  13.  Repairs and Maintenance                                 _____ **0.00**
  14.  Vehicle Expenses                                            _____ **0.00**
  15.  Travel and Entertainment                                 _____ **0.00**
  16.  Equipment Rental and Leases                           _____ **0.00**
  17.  Legal/Accounting/Other Professional Fees           _____ **0.00**
  18.  Insurance                                                        _____ **0.00**
  19.  Employee Benefits (e.g., pension, medical, etc.)    _____ **0.00**
  20.  Payments to Be Made Directly By Debtor to Secured Creditors For
       Pre-Petition Business Debts (Specify):
       **None**                                                      _____

  21.  Other (Specify):

       **None**                                                      _____

  22.  Total Monthly Expenses (Add items 3 - 21)                          $ _____ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

  23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)      $ _____ **0.00**

Official Form 6 - Summary (10/06)

## United States Bankruptcy Court
## Northern District of Illinois
## Eastern Division

In re  **Roberto Martinez**                                                              ,        Case No. _____

                                        Debtor

                                                                                           Chapter        **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $      480.000.00 | | |
| B - Personal Property | YES | 3 | $        2.700.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $      483.808.40 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $          0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $        3.211.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $        5.333.52 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $        4.440.00 |
| TOTAL | | 15 | $      482,700.00 | $      487,019.40 | |

B 203
(12/94)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois
### Eastern Division

In re:  **Roberto Martinez**

Debtor

Case No. _____

Chapter  **13**  _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 3,400.00 |
| Prior to the filing of this statement I have received | $ | 3,400.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☒ Debtor           ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor           ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **7/10/2007**

_____

**Jonathan G. Anderson, Bar No.  03128613**

**Anderson & Associates, P.C.**
Attorney for Debtor(s)

---

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

### Eastern Division

In re:   **Roberto Martinez**                                                                      Case No. _____

**7125**                                                                                                   Chapter   **13**

# APPLICATION/ORDER FOR FEES

Memorandum of Receipts and Disbursements;
Statement of Attorney Pursuant to Bankruptcy Rule 2016(b);
and Order Thereon

**TO THE HONORABLE BANKRUPTCY JUDGE:**

Applicant hereby makes application for fees and represents that the fee arrangement in this proceeding is as follows:

1.  That Applicant, as attorney for the debtor, has performed all services necessary for the confirmation of the Debtor's Plan.  The services include interviews with debtor; the preparation and filing of the Debtor's Petition, Chapter 13 Statement, Plan and Plan Analysis; and appearance at the § 341 meeting and confirmation hearing.

2.  That Applicant believes a reasonable fee for said services to be      **$3,400.00**   and prays that said fee be approved and allowed.

3.  That Applicant has received payments from the debtor and made disbursements on behalf of the debtor, as follows:

|  |  |  |  |
|---|---|---|---|
| Total Received | **$0.00** | | |
| Disbursements: | | | |
| Filing fee | **$0.00** | | |
| Trustee | **$0.00** | | |
| Other | **$0.00** | | |
| Total Disbursements: | | **$0.00** | |
| Amount applied to attorneys' fees | | **$3,400.00** | |
| Balance of attorneys' fees | | **$0.00** | |

The total amount of money paid to attorney on behalf of debtor within one (1) year of the date of filing is the sum of       **$0.00**
including fees reserved for Chapter 13.

4.  That in addition to the foregoing statements, Applicant makes the following statements pursuant to Bankruptcy Rule 2016(b):

    (a) The details set forth by the debtor herein in the Chapter 13 Statement concerning compensation paid and compensation promised to be paid to his attorney of record is a true, complete and accurate statement of the agreement between the debtor and the attorney of record for legal services rendered and to be rendered herein.

    (b) The source of the monies paid by the debtor to the attorney of record to the best of the knowledge and belief of said attorney was:
    **None**

    (c) The attorney of record has not shared or agreed to share, other than with members of the law firm or corporation, any of said compensation with any other person except:
    **None**

Dated: **7/10/2007** _____         _____

                                                                          **Jonathan G. Anderson,** Bar No. 03128613

                                                                          Attorney for Debtor

# ORDER

The sum of $_____ is hereby allowed Applicant as compensation for the services referred to in the above Application and the Trustee is directed to pay the unpaid balance thereof, the sum of $_____ from the estate in accordance with the Plan.

Dated: _____

_____
United States Bankruptcy Judge

Model Plan
Rev._7/1/2006

Trustee: ☐ Marshall ☐ Meyer
☐ Stearns ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

In re: ) Case No. _____

**Roberto Martinez** )
)
☐ **Original Chapter Plan**
)
_____ , ) ☐ **Modified Chapter Plan, date** _____
Debtor.

☐ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**A.**
**Budget items**

**1.** As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is_____ ; (b) their ages are _____ ; (c) total household monthly income is $**5,333.52** : and (d) total monthly household expenses are $**4,440.00** , leaving $**893.52** available monthly for plan payments.

**2.** The debtor's Schedule J includes$**20.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for _____ months prior to filing this case.

**B.**
**General provisions**

**1.** The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

**2.** Claims secured by a mortgage on real property of the debtor, set out in Paragraph 5 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of any cure amount specified in Paragraph 5 of Section E, the standing trustee shall serve upon the mortgagee, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the mortgagee is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the mortgagee fails to file and serve a statement of outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the mortgagee does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the mortgagee and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

**3.** The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in be released by the creditor. Paragraph 2 of Section E, shall retain the lien until discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and

**4.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C.**
**Direct payment of claims by debtor**

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J-increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters-directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __n/a_____, monthly payment, $ _____ ;

*If this box is* ☐ *checked, additional direct mortgage payments are listed on the **overflow page.***

**D. Payments by debtor to the trustee**

**1.** Initial plan term. The debtor will pay to the trustee $**893.52** Monthly for **36** months [and $ **1,093.52** monthly for an additional _____24_____ months], for total payments, during the initial plan term, of $ **58,411.20** . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**E. Disburse-ments by the trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at ____**4.00**_____ % of plan payments; and during the initial plan term, totaling $**2,336.45** . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

( a ) To creditor __n/a_____, monthly payments of $ _____
       These payments, over the term of the plan, are estimated to total $ _____ .

If this box ☐ is checked, additional current mortgage payments are listed on the overflow page. The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ . [Enter this amount on Line 2c of Section H.]

3. Other secured claims. All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction with the consent of the creditor, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, with fixed monthly payments as specified below:

(a ) Creditor **Equity One**_____  Collateral: **3051 N. Gresham**_____
      Amount of secured claim: $ _____**439,110.68**_____ APR ___**12.00**___ **Chicago, IL 60618** payment: $ _____ ;
      Total estimated payments, including interest, on the claim: $ ____**arrearage $44,**____ .

(b ) Creditor **Equity One**_____  Collateral: **arrearage**_____
      Amount of secured claim: $ _____**44,697.72**_____ APR ___**12.00**___ **3051 N Gresham** payment: $ __**2,700.00**__ ;
      Total estimated payments, including interest, on the claim: $ ____**Chicago, IL 60618**____ .

If this box ☐ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **37,852.62** . [Enter this amount on Line 2e of Section H.]

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $**0.00** . [Enter this amount on Line 2b of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

2

(a) To creditor **n/a** _____

, arrears of $ _____ , payable monthly from available funds, pro rata with other mortgage arrears, with

initial payments estimated at $ _____ ;

☐ without interest /or/ ☐ with interest at an annual percentage rate of  **0.00**____%.

These arrearage payments, over the term of the plan, are estimated to total $ _____**0.00**_____.

If this box ☐ is checked, additional direct arrearage payments are listed on the overflow page.
The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $ .
[Enter this amount on Line 2e of Section H.]

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00**.  [Enter this amount on Line 2f of Section H.]

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:

shall be paid at _____ % of the allowed amount. The total of all payments to this special class is

estimated to be $ .[Enter this amount on Line 2g of Section H.]

Reason for the special class:                                                                                     .
_____

8. *General unsecured claims (GUCs).*  All allowed nonpriority unsecured claims, not specially classified,
including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata,

☐ in full, /or / ☑ to the extent possible from the payments set out in Section D, but not less than
**0.00**% of their allowed amount.  [Enter minimum payment percentage on Line 4b of Section H.]

9. *Interest.* Interest ☑ shall not be paid on unsecured claims /or / interest ☐ shall be paid on
unsecured claims, including priority and specially classified claims, at an annual percentage rate of
_____ %. [Complete Line 4d of Section H to reflect interest payable.]

| | |
|---|---|
| **F.**<br>**Priority** | The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of a deficiency in plan payments: (1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in Section E.3; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. |
| **G. Special terms** | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. |

**H. Summary of payments to and from the trustee**

(1) Total payments from the debtor to the Chapter 13             $  **58,411.20**
    trustee (subject to Paragraph 2 of Section D)

(2) Estimated disbursements by the trustee for non-
    GUCs: (general unsecured claims):

    (a) Trustee's fees                                       $ **2,336.45**
    (b) Current mortgage payments                            $**0.00**
    (c) Payments of other allowed secured claims             $ **37,852.62**
    (d) Priority payments to debtor's attorney               $**0.00**
    (e) Payments of mortgage arrears                         $ **0.00**
    (f) Payments of non-attorney priority claims             $**0.00**
    (g) Payments of specially classified unsecured claims    $ **0.00**
    (h) Total *[add Lines 2a through 2g]*          $  **40,189.07**

3

(3) Estimated payments available for GUCs and interest
during initial plan term *[subtract Line 2h from Line 1]*                                    $ __18,222.13__

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured                      $____0.00____
   deficiency claims under § 506(a)

   (b) Minimum GUC payment percentage                                 ____0.00____ %

   (c) Estimated minimum GUC payment *[multiply line 4a
   by line 4b]*                                                       $____0.00____

   (d) Estimated interest payments on unsecured claims                $____0.00____

   (e) Total of GUC and interest payments *[add Lines 4c
   and 4d]*                                                           $____0.00____

   (f) Payments available during initial term *[enter Line 3]*        $__18,222.13__

   (g) Additional payments required *[subtract Line 4f from
   Line 4e]*                                                          $__(18,222.13)__

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and              $____0.00____
   current mortgage payments made by the trustee

   (b) Months in maximum plan term after initial term                ____0.00____

   (c) Payments available *[multiply line 5a by line 5b]*             $____0.00____

**I.**
**Payroll**
**Control**
☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Sig-**
**natures:**
**Debtor(s) [Sign only if not represented by an attorney]**

**s/ Roberto Martinez** _____                    Date   __7/10/2007__
**Roberto Martinez**
Debtor

**Signatures:**
**Debtor's Attorney** _____                      Date   __7/10/2007__
                     **Jonathan G. Anderson**

**Attorney**
**information**
**(name, address,**
**telephone, etc.)**

| |
|---|
| **Jonathan G. Anderson**<br>**1701 E. Woodfield Road, Suite 1050**<br>**Schaumburg, IL  60173**<br><br>**(847) 995-9999** |

**Special Terms** *[as provided in Paragraph G]*

| |
|---|
| |

**B 201** (04/09/06)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

B 201                                                                                                                                                    Page 2

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

__Jonathan G. Anderson_____                    _____    __7/10/2007_____
Printed Name of Attorney                                                        Signature of Attorney                          Date

Address:

**Anderson & Associates, P.C.**
**1701 E. Woodfield Road, Suite 1050**
**Schaumburg, IL  60173**


**(847) 995-9999**

### Certificate of the Debtor

I , the debtor, affirm that I have received and read this notice.

__Roberto Martinez_____    X__s/ Roberto Martinez_____    __7/10/2007_____
Printed Name of Debtor                                      **Roberto Martinez**
                                                                            Signature of Debtor                          Date

Case No. (if known)  _____

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re    **Roberto Martinez**                                    Case No.

Debtor.                                                   Chapter    **13**

## STATEMENT OF MONTHLY NET INCOME

The undersigned certifies the following is the debtor's monthly income .

| Income: | Debtor |
|---|---|
| Six months ago | $**0.00** |
| Five months ago | $**0.00** |
| Four months ago | $**0.00** |
| Three months ago | $**0.00** |
| Two months ago | $**0.00** |
| Last month | $**0.00** |
| Income from other sources | $**0.00** |
| Total net income for six months preceding filing | $ **0.00** |
| **Average Monthly Net Income** | $ **0.00** |

Attached are all payment advances received by the undersigned debtor prior to the petition date, I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

Attached are all payment advances received by the undersigned debtor prior to the petition date, we declare under penalty of perjury that we have read the foregoing statement and that it is true and correct to the best of our knowledge, information, and belief.

Dated:  **7/10/2007**

**s/ Roberto Martinez**
**Roberto Martinez**
                Debtor